40473.   HOME et al. v. GREAT AMERICAN INSURANCE COMPANY et al.

DECIDED JANUARY 28, 1964.

*Bryan, Carter, Ansley & Smith, W. Colquitt Carter, Henry M. Quillian, Jr.,* for plaintiffs in error.

*T. J. Long, Ben Weinberg, Jr., Robert D. Engelhart, George Anderson,* contra.

JORDAN, Judge.   The first question presented is whether or not the trial court was authorized to find from the evidence submitted that the truck chassis was owned by the defendant Home at the time of the collision.

While the evidence is in substantial conflict on many issues surrounding the sales transaction, there is ample evidence in the record to support the finding of the trial court that the ownership of the truck was still in Home at the time of such collision and that said truck was an insured vehicle under the terms of the policy issued to Home by the defendant insurer. The vehicle described in the purchase order executed by Kinzel Parrott was not a truck chassis alone, but an equipped dump truck. The evidence is clear that the truck chassis was to be delivered to the dealer Home in Rome, Georgia, and then transported to Atlanta to be equipped with the dump body as specified in the purchase order, and then to be delivered by Home to Parrott after installation of all the equipment called for in the purchase order. The evidence showed that the $1,200 cash payment called for in the purchase order had neither been made nor demanded; that the 1959 Chevrolet pickup truck which was to be traded in as part of the down payment had not been turned over to the seller; and that the installment notes for the remainder of the purchase price had not been executed. The evidence further revealed that Home provided Wiley Parrott with a dealer's license tag to be affixed to the truck chassis before it was transported from Ft. Wayne, Indiana, to Rome, Georgia; and under the provisions of *Code Ann.* § 92-2903 such tag is to be used solely "for the purpose of demonstrating or transporting dealers' vehicles or trailers for sale."

Under the facts set forth above a finding was not demanded that the sale of the truck to Kinzel Parrott had been consummated or perfected at the time of the collision and the determination by the trial court, being supported by ample evidence, will not be disturbed.

It is further contended by the defendant insurer that even if the truck chassis was an owned automobile under the terms of its policy, it would not be liable on a pro rata basis with the plaintiff insurer, as determined by the trial court, for the reason that the policy of the plaintiff insurer provided primary coverage of the contemplated loss while its policy only provided secondary or excess insurance coverage. This contention is not predicated upon any restrictive language in the terms of the

defendant insurer's policy which sought to constitute it secondary or excess insurance if there was other coverage, or upon any language in the policy of the plaintiff insurer which sought to make it primary insurance on the vehicle involved herein, but is based on the fact that the defendant insurer's policy was a blanket policy which provided general comprehensive coverage for all vehicles owned by Home, its insured, while the policy of the plaintiff insurer specifically covered the vehicle involved herein and no others.

While there are apparently no controlling Georgia cases on the issue raised by this contention, under the great weight of authority in this country, blanket policies of insurance pro rate with specific policies and thus constitute concurrent or other insurance within the meaning of a "pro rata" or "other insurance" clause. See Annotation, "Apportionment or contribution as between specific and blanket insurance policies," 169 ALR 387. As stated in 29A Am. Jur. 791, Insurance, § 1712: "This rule is based upon the theory that in order to constitute concurrent insurance, the policy, while it must be on the same property and on the same interest in the property, and while it must be against the same risks and in favor of the same party, need not necessarily cover the identical field covered by the other insurance policy but may cover only part thereof."

Both insurance companies involved in this controversy agreed in the respective policies to pay in behalf of the insured all sums within the applicable policy limits which the insured shall become legally obligated to pay because of bodily injury and property damage caused by accident and arising out of the ownership, use, or maintenance, of an automobile; and the "insured" under the terms of both policies included any person who was using the owned or described vehicle with the permission of the named insured. These policies thus insured the same property against the same risks and in favor of the same party (the permissive user of the vehicle), and hence said policies constituted concurrent insurance within the meaning of the "other insurance" or "pro rata" clause which was included within the terms of each policy. See, Annotation, "Apportionment of losses among automobile liability insurers under policies containing

pro rata clauses," 21 ALR2d 611. Under the "other insurance" clauses which were the same under both policies of insurance, each insurer was obligated to pay the proportion of loss which the applicable limit of liability stated in the declarations of each policy bore to the total applicable limit of liability of all valid and collectible insurance which, as determined by the trial court under the facts of this case, would necessitate the payment of one-fifth of such loss by the plaintiff insurer and four-fifths of such loss by the defendant insurer.

The case of *Hartford Steam Boiler Inspection & Ins. Co. v. Cochran Oil Mill & Ginnery Co.*, 26 Ga. App. 288 (105 SE 856), relied upon by the defendant insurer for its contention that it was liable only for secondary or excess insurance coverage, is inapplicable here for the reason that the insurance policies involved in that case contained provisions limiting liability to the excess over any specific insurance carried by the insured; and the court was there faced with the problem of construing policies of insurance which sought to make each insurer liable only for excess coverage. The policies of insurance involved in this case did not contain any applicable, restrictive language as to the coverage afforded other than the "other insurance" clause; and we have interpreted said policies in accordance with the general principles: "(1) that the pro rata clause ought to be so construed, *in the absence of a policy provision to the contrary,* as not to diminish the protection of the insured, and (2) that the rights of the insured against the insurers and the rights of the insurers amongst themselves must be determined not by adjustment of equities *but by the provisions of the contracts made."* (Emphasis supplied.) 29A Am. Jur. 791, Insurance, § 1713.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*