41494.   AYERS v. BARNEY A. SMITH MOTORS, INC.
et al.

Argued September 7, 1965—Decided October 20, 1965—
Rehearing denied November 3, 1965.

*Greer, Morris & Murray, Richard G. Greer,* for plaintiff in error.

*Jones, Sparks, Benton & Cork, Edward L. Benton, Willis B. Sparks, III,* contra.

JORDAN, Judge. The trial court erred in granting a summary judgment in favor of the defendant motor company. The fact that this defendant owned the automobile involved in the fatal occurrence and that its employee was driving the vehicle at the time, was sufficient to raise a presumption that the employee was operating the defendant's automobile within the scope of his employment. *Dawson Motor Co. v. Petty,* 53. Ga. App. 746 (1) (186 SE 877); *Hall v. Cassell,* 79 Ga. App. 7 (52 SE2d 639); *Hix-Green Co. v. Dowis,* 79 Ga. App. 412 (2) (53 SE2d 601); *Fielder v. Davison,* 139 Ga. 509 (77 SE 618).

This presumption is a rebuttable one, but "in order to overcome it as a matter of law the evidence of the defendant should be clear, positive, and uncontradicted that the servant was not at the time in the prosecution of his master's business or acting within the scope of his employment." *Abelman v. Ormond,* 53 Ga. App. 753, 761 (187 SE 393). "Where there are circumstances developed by the evidence other than those which gave rise to the presumption from which the jury might legitimately infer that the servant was acting within the scope of his employment the presumption is not overcome as a matter of law even though the master and servant positively testify that what he was doing was without the scope of his employment. The issue is generally one for the jury." *F. E. Fortenberry & Sons, Inc. v. Malmberg,* 97 Ga. App. 162, 166 (102 SE2d 667).

In addition to the circumstances which gave rise to the presumption in the present case, the record discloses the fact of the full-time assignment of a new demonstrator automobile

to the defendant company's salesman who was employed on a commission only basis, his unrestricted authority to solicit prospective purchasers, and the fact that he would have attempted to make a sale during the weekend visit to his parents if the opportunity had presented itself. The evidence further showed that this automobile was being operated under a dealer's license tag issued to the defendant motor company; and under the provisions of *Code Ann.* § 92-2903, "such tag is to be used solely 'for the purpose of demonstrating or transporting dealers' vehicles or trailers for sale.'" *Home v. Great American Ins. Co.,* 109 Ga. App. 24, 28 (134 SE2d 865).

Under these facts and circumstances a jury could, as stated in the *Fortenberry* case, supra, at p. 166, "legitimately infer that the servant was acting within the scope of his employment . . . even though the master and servant positively testify that what he was doing was without the scope of his employment." It cannot be said, therefore, under the record in this case that a finding was demanded for the employer on this issue, which "is generally one for the jury."

The cases of *Stenger v. Mitchell,* 70 Ga. App. 563 (1) (28 SE2d 885), and *Fambro v. Sparks,* 86 Ga. App. 726 (3) (72 SE2d 473), which are relied upon by the defendant motor company as authority for its contention that a finding was demanded as a matter of law that the defendant salesman was not acting within the scope of his employment, are distinguishable from the present case. Among other things, these cases did not involve a factual situation in which a new demonstrator automobile had been assigned to the defendant's employee on a full-time basis, and this court in the *Fambro* case, supra, cited this fact in distinguishing the *Petty* case, supra, relied upon by the plaintiff here, where the defendant's agent "in connection with his employment . . . was furnished a new model Ford V-8 as a demonstrator car, his duty being to demonstrate the car to prospective purchasers."

The factual situation here was sufficient to make a genuine issue of material fact and the trial court erred in granting the defendant's motion for a summary judgment.

*Judgment reversed. Deen, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment of reversal for the reason that the facts as to whether the salesman was acting in the course of employment at the time of the injuries are entirely circumstantial and without conflict. In such a case the question is one of law and the facts demand the conclusion that the salesman was acting in the course of his employment. My position with reference to un-contradicted circumstantial evidence, to wit, that where a con-clusion is sought to be proved by such evidence alone the question is one of law for the court, is stated in my special concurrence in *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408) and cases therein cited. Following any other rule makes a travesty of justice. I think what has confused the courts holding to the contrary is the fact that juries may reach different verdicts under the same evidence. Such cases refer to cases where there is conflict in the testimony of witnesses or conflict between the testimony of witnesses and circumstantial evidence inconsistent with the testimony. In either case the credibility of witnesses is involved, a question beyond the reach of this court ordinarily. Only one conclusion can be reached in law from uncontradicted circumstantial evidence. The ruling in this case could lead to two conclusions from the same evidence. In this lawsuit a jury might find that the salesman was in em-ployment when the accident occurred and a jury trying the salesman for illegal operation of the automobile could find that he was in employment and not guilty of illegal operation. The fact that the criminal case is not appealable is immaterial since if it were, the verdict would have to be affirmed under the majority ruling. The broad authority of the salesman, plus the broad purposes of the demonstrator automobile, plus the salesman's authority to sell a car anywhere, plus his operation of the car under the dealer's license, demand the finding from the weight of probability that he was in the course of employ-ment when the injuries occurred. I maintain that no two fact-finding bodies can from the same uncontradicted evidence find

different conclusions, one that he was in employment and one that he was not.