49252. CALCUTTA APARTMENTS ASSOCIATES et al. v. LINDEN & DEUTSCH.

EBERHARDT, Presiding Judge.

Linden & Deutsch on August 31, 1973 brought suit against Calcutta Apartments Associates, a limited partnership composed of Lester B. Colodny, Richard A. Feldman and John J. Vlass as general partners, upon a promissory note signed by the limited partnership payable to Theodore Sayers for $30,000 principal dated December 29, 1972, due on or before June 30, 1973,

without interest but with all costs of collection, including 10 percent as attorney fees if collected by law or through an attorney at law. The note bore the endorsement: "Pay to the order of Linden-Deutsch. Theodore Sayers."

Notice to bind the makers for payment of attorney fees was given August 1, 1973 by certified mail with return receipt.

Defendants answered, admitting execution and delivery of the note, that it was past due and unpaid and that the notice for attorney fees had been given, but for lack of information did not admit or deny that the plaintiff was a partnership.

Plaintiff moved for summary judgment, attaching supporting affidavits from Theodore Sayers that he had endorsed the note over to Linden & Deutsch, and from Joseph Calderon asserting that Linden & Deutsch is a New York general partnership of which he is a member, and that it is the holder of the note. The motion and supporting affidavits were filed and served on defendant November 6, 1973 and a hearing was set for January 18, 1974.

On January 16, 1974, defendant moved for a continuance, asserting that its counsel had withdrawn and that it had come to defendant's attention that plaintiff might not be a holder in due course and, if not, that certain facts which had come to defendant's attention on December 29, 1972 (the date of the note) would be available as a defense.

The continuance was denied and, after hearing, summary judgment was granted for the principal, interest from maturity at 7 percent, and attorney fees.

Defendant appeals, enumerating as error (1) denial of the motion for continuance and (2) failure of the court to grant defendant an opportunity to amend its answer and to obtain affidavits or depositions that would raise a factual issue as to whether plaintiff is a holder in due course. *Held:*

1. The grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. *Smith v. Davis,* 121 Ga. App. 704, 705 (175 SE2d 28). This applies in summary judgment proceedings. Code Ann. § 81A-156 (f). No abuse

appears here.

2. It does not appear that any amendment to the answer was proposed or tendered, nor what it would have sought to assert as a defense. Although appellant asserts that certain facts have come to its attention indicating that the plaintiff may not be a holder in due course, it has not asserted what those facts may be, nor has it asserted any fact that would constitute a valid defense even if it should appear that plaintiff is not a holder in due course.

We find no error in the grant of the summary judgment.

*Judgment affirmed. Pannell and Evans, JJ., concur.*

ARGUED APRIL 5, 1974 — DECIDED MAY 7, 1974.

*Richard A. Feldman*, for appellants.

*Hansell, Post, Brandon & Dorsey, F. Carlton King, Jr.*, for appellee.