## 49379. GEORGIA POWER COMPANY v. MOZINGO.

PANNELL, Presiding Judge.

This action arose from a motor vehicle accident on September 8, 1972 near Hinesville, Georgia. Plaintiff, a 72-year-old widow, was proceeding in her car west on Highway 193 and, having missed her intended turn-off, had decreased the speed of her vehicle to at least half of the 60 mph speed limit as she looked for a place to turn around. A pick-up truck belonging to defendant also was being operated in the same direction at a speed of about 55 mph. Plaintiff was aware of defendant's vehicle behind her. As defendant's vehicle was in the process of passing the preceding vehicle, plaintiff made a left turn into a private driveway to turn around and a collision ensued, which resulted in moderate property damage to both vehicles and injuries to the plaintiff. Factual differences arose concerning the relative speeds of the vehicles; whether electrical turn signals on plaintiff's vehicle were operating and whether the driver of defendant's vehicle could have avoided the incident. A jury decided the matter adversely to the defendant and awarded a monetary judgment. Defendant filed a motion for a new trial, as amended, which, after hearing and argument, was denied and this appeal followed. *Held:*

1. Defendant initially alleges that the trial court erred in overruling the motion for a new trial because a juror, Leo Melanson had failed to respond to voir dire questions as required by law. The record discloses that during the voir dire questioning of prospective jurors they were asked a blanket question as to whether any member had heard of the controversy between the parties arising out of the motor vehicle incident concerned, or had heard the case discussed or talked about. No juror responded to the question. On examination during the proceedings on the motion for a new trial, Mr. Melanson advanced the exculpatory reason for his original silence during voir dire that other jurors had signified that they had heard about it and had not been challenged. He, therefore, said nothing to save time as he had only general knowledge. This of course does not coincide with fact as no individual questioning

of the other jurors had ensued. Subsequent questioning of this juror disclosed only that he knew that there had been a wreck between a Georgia Power Company vehicle and an automobile. There is a complete absence of any showing of injury either from the absence of disclosure or prior knowledge. Additionally, it appears that the driver of appellant's vehicle had advised defendant's counsel a full day before the rendition of the verdict that he believed that the juror in question had heard about the motor vehicle collision, yet nothing was done to disqualify him. The movant must be presumed to have waived the disqualification and a new trial was not authorized. See *Jennings v. Autry,* 94 Ga. App. 344 (94 SE2d 629); *Lampkin v. State,* 87 Ga. 516 (13 SE 523); *Williams v. State,* 206 Ga. 107 (55 SE2d 589). The enumeration is without merit.

2. Defendant next complains that he should have been permitted to examine juror Melanson as to whether the jury acted on the basis that defendant carried liability insurance. This enumeration stems from an affidavit of a Mr. Smoak, local manager for defendant, who apparently accosted the juror after the verdict and received a reply to the effect, "There is no use to worry about that $105,000 because the insurance company would pay for it anyway." This defensive response from an harassed juror after the verdict cannot be utilized to serve as a key to permit invasion of the sanctity of the jury room. This court has long ruled that affidavits of jurors or of counsel as to their jurors' sayings after dispersal may not be received for the purpose of impeaching their verdict. This has long been the rule in Georgia. See *Rylee v. State,* 28 Ga. App. 230 (110 SE 749); *Nelling v. Industrial Mfg. Co.,* 78 Ga. 260; *Alley v. State,* 99 Ga. App. 322 (108 SE2d 282). In the instant case there was no evidence adduced concerning insurance and there was not a scintilla of any outside influence on a juror which might have generated an exception to the rule. There was no valid ground to authorize a new trial and this enumeration of error is without merit.

3. Defendant enumerates that another juror, Mr. Davidson, failed to reveal on voir dire that he had had business dealings with defendant that left him

dissatisfied. In general, this enumeration suffers from the same deficiency as Division 1, supra, and waiver applies. Accordingly, the enumeration is without merit.

4. In enumeration of error 7, defendant alleges that the trial court erred in directing that as a matter of law that the defendant's driver was acting within the scope of his employment at the time of the accident. The evidence is uncontradicted or unrebutted that defendant's employee, a service and maintenance man, was furnished a service vehicle to drive to and from work and to and from lunch, both with the knowledge and consent of defendant. The vehicle was equipped with a two-way radio and the employee was subject to the direction and control of his superiors whenever they communicated with him. At the time of the incident, had he received a call, he would have responded, albeit he was en route to lunch at his home.

When an automobile is in a collision and the operator is an employee of the owner, a presumption exists that the operator was in the scope of his employment and the burden is then on the employer to show to the contrary. *Dawson Motor Co. v. Petty,* 53 Ga. App. 746, 749 (186 SE 877). This is so because the purpose of the vehicle's operation is peculiarly within the owner's knowledge and is difficult of proof by the other party. In order to overcome the presumption, as a matter of law the evidence of the owner should be clear, positive and uncontradicted that the employee or servant was not so acting. *Abelman v. Ormond,* 53 Ga. App. 753 (187 SE 393). Under the facts, supra, the defendant failed to offer such evidence. In the instant case, the evidence, with all reasonable deductions and inferences, demanded a finding that the vehicle was being used by plaintiff's employee in the scope of his employment and that there was no issue for the jury in relation to the question. While Code § 81-1104 prohibits a trial judge from intimating or expressing any opinion as to what has or has not been proved, yet where, as here, the evidence demands a finding as to the opinion expressed, there is no cause for reversal. *Imperial Investment Co. v. Modernization Construction Co.,* 96 Ga. App. 385 (2) (100 SE2d 107); *Goldstein v. Karr,* 110 Ga. App. 806 (140 SE2d 40); *Rauch*

*v. Shanahan,* 125 Ga. App. 782 (189 SE2d 111). Further, in both his opening statement and closing argument to the jury, defendant's counsel acknowledged his faith that the jury would find that the driver of defendant's truck was defendant's agent and servant at the time of the incident. The enumeration is without merit.

5. We have considered all other enumerations of error and find them to be without merit.

*Judgment affirmed. Webb, J., concurs. Eberhardt, P. J., concurs in the judgment.*

ARGUED MAY 30, 1974 — DECIDED SEPTEMBER 4, 1974 — REHEARING DENIED SEPTEMBER 24, 1974.

*Bouhan, Williams & Levy, James M. Thomas,* for appellant.

*Jones, Kemp & Osteen, Charles M. Jones,* for appellee.