51686. MASSEY et al. v. HENDERSON et al.

MARSHALL, Judge.

Appellant brought suit for personal injuries arising from an automobile collision with a car owned by appellee, Saunder's Leasing System, Inc., and being operated at the time of the collision by one Clowdus. Appellant contends that Clowdus was the servant of Saunder's Leasing and was acting within the scope of his employment at the time and place of the collision. Saunder's Leasing moved for summary judgment contending otherwise and the trial court granted the motion.

From the affidavits and depositions in the record bearing on this issue, it appears that Clowdus was a branch manager of Saunder's Leasing at an Ohio branch. The car was owned by Saunder's Leasing and supplied to Clowdus to be used by him on company business and for his own personal use at his discretion. Saunder's Leasing paid all the expenses on the car, including gasoline, and paid Clowdus a straight salary plus bonuses. On the day of the accident, Clowdus stated that he was driving the car from Ohio to Birmingham, Alabama, "to pick up my wife and son and bring them back to Ohio. They had been visiting with her parents [in Birmingham]." He also stated he had no plans of conducting any business for Saunder's Leasing on the trip but that the trip was entirely personal. His immediate supervisor stated that Alabama was not in the territory worked by Clowdus and that he had no knowledge of any business for Saunder's Leasing that Clowdus could have performed on this trip. *Held:*

1. It is well established under Georgia law that a presumption arises when a servant is operating his employer's vehicle at the time of a collision, he was in the scope of his employment. *Ga. Power Co. v. Mozingo,* 132 Ga. App. 666, 668 (209 SE2d 66); *Dawson Motor Co. v. Petty,* 53 Ga. App. 746, 749 (186 SE 877). The burden is then upon the master to rebut the presumption by evidence that is "clear, positive and uncontradicted" and that shows the servant was not in the scope of his employment. *Abelman v. Ormond,* 53 Ga. App. 753, 761 (187 SE 393). In this case, Saunder's Leasing has

produced *uncontradicted* evidence that Clowdus was in no manner performing any service that could be considered in the prosecution of his employer's business, and for this reason has rebutted the presumption as a matter of law.

Appellants, in their supplemental brief, rely on *Pest Masters, Inc. v. Callaway,* 133 Ga. App. 123 (210 SE2d 243) and *F. E. Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162 (102 SE2d 667). The rule set forth in these cases and in *Ayers v. Barney A. Smith Motors,* 112 Ga. App. 581, 582 (145 SE2d 753) is: "Where there are circumstances developed by the *evidence other than those which gave rise to the presumption from which the jury might legitimately infer* that the servant was acting within the scope of his employment the presumption is not overcome as a matter of law even though the master and servant positively testify that what he was doing was without the scope of his employment. The issue is generally one for the jury." (Emphasis supplied.) *F. E. Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162, 166, supra.

This rule does not mean that in every case wherein the servant is operating an employer-furnished vehicle at the time of a collision, the presumption may *never* be overcome, and the question is *always* one for the jury. Such an interpretation of the rule would mean in every such collision, the master-servant issue should go to the jury. The correct rule is that if there is other evidence from which the jury might legitimately infer that the employee was acting within the scope of employment, then the issue should go to the jury. In *Ayers,* the *other evidence* was the fact that the servant, a car salesman, was driving a demonstrator car on a personal trip on which "he would have attempted to interest a prospect in buying an automobile on this trip." In *Fortenberry,* the *other evidence* was that the employee was carrying lumber during working hours from his employer's lumber yard to the employee's home because the employer "desired to remove it from the lumber yard in order to be rid of it." In *Pest Masters,* the *other evidence* was that the employer "was subject to call at any time." See also *Ga. Power Co. v. Mozingo,* 132 Ga. App. 666, supra, in this regard.

In the present case there is *no other evidence,* that Clowdus was even in any remote way serving the benefit

of his employer or acting on his behalf. The cases are clear that, where there is no such evidence, the presumption is overcome as a matter of law. *McKinney v. T.I.M.E.-D.C., Inc.,* 134 Ga. App. 57 (213 SE2d 166); *Atlanta Blue Print & Photo Reproduction Co. v. Kemp,* 130 Ga. App. 778 (204 SE2d 515); *Sparks v. Buffalo Cab Co., Inc.,* 113 Ga. App. 528 (148 SE2d 919). See also *Harper v. Brown,* 123 Ga. App. 316 (1) (176 SE2d 621), where this court, in a whole court opinion, reversed the trial court's denial of a judgment n.o.v. in favor of a defendant corporation whose president was involved in a collision while operating a corporation-owned car on a purely personal trip on Sunday.

The fact that one of the purposes of furnishing the car to Clowdus was for his own pleasure does not bring this pleasure trip within the scope of his employment. The test is whether the particular activity engaged in serves in some way to prosecute the employer's business, that is, doing some work which will benefit the employer for which the employee is to be compensated. The furnishing of a car and paying its expenses is merely additional compensation.

"When a servant is permitted by the master to use a vehicle for the servant's own pleasure or business wholly disconnected from that of the master, and a third party is injured by the servant's negligent operation of it while on his own mission, the master cannot be held liable under the doctrine of respondeat superior.

"Ownership of the vehicle alone is insufficient to establish any liability on the part of the owner, and mere proof of ownership is not sufficient to establish prima facie that the vehicle, though operated by a servant of the owner, was being used in the owner's business or within the scope of the servant's employment." *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (166 SE2d 593).

2. We find no error in the trial court's denial of appellant's motion for continuance, made for the purpose of further discovery by appellant. It appears that the information sought by the discovery documents, which were pending at the time summary judgment was granted, pertained to facts already established and undisputed and would not have affected the outcome. The

record shows that the trial court had already allowed two postponements to allow the parties to make discovery. "The grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. *Smith v. Davis,* 121 Ga. App. 704, 705 (175 SE2d 28). This applies in summary judgment proceedings. Code Ann. § 81A-156 (f)." *Calcutta Apts. v. Linden & Deutsch,* 131 Ga. App. 743, 744 (206 SE2d 559). No abuse appears in this case.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, Clark and Stolz, JJ., concur. Evans, J., dissents. Pannell, P. J., and Webb, J., concur in the judgment of the dissent.*

ARGUED JANUARY 9, 1976 — DECIDED APRIL 15, 1976 — REHEARING DENIED MAY 10, 1976 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Parker & O'Callaghan, James I. Parker, L. B. Kent,* for appellants.

*Hatcher, Stubbs, Land, Hollis & Rothschild, A. J. Land, W. G. Scrantom, Jr.,* for appellees.

EVANS, Judge, dissenting.

George E. Clowdus, Jr., a branch manager for Saunder's Leasing System, Inc., of Delaware, Ohio, while driving an automobile of Saunders Leasing System, Inc. in Alabama was involved in an automobile collision with one driven by D. M. Henderson in which Mrs. Peggy Joyce Massey was riding as a guest passenger.

Mr. and Mrs. Massey, as plaintiffs, sued D. M. Henderson and Saunders Leasing System, Inc. for personal injuries arising from the automobile collision, for pain and suffering, loss of consortium, and for medical, hospital, surgical, and other expenses.

After discovery, Saunders Leasing System, Inc. moved for summary judgment contending that its branch manager was on a purely personal mission, not connected with his employment and that therefore it was not liable and should be dismissed. The majority holds that the uncontradicted evidence overcomes any presumption of Georgia law that an employee operating his employer's vehicle at the time of the accident is in the scope of his

employment and, hence, the summary judgment was properly granted. I disagree and therefore respectfully dissent.

1. The evidence submitted on motion for summary judgment contains an affidavit by Clowdus, the branch manager who was driving the vehicle. The affidavit recites that "this automobile was supplied to affiant to be used by him on company business and for his personal business and pleasure at his discretion." In the face of this inculpatory language, the majority opinion states that "Saunders Leasing paid all the expenses on the car, including gasoline, and paid Clowdus a straight salary plus bonuses."

It is true as Clowdus testified that he was on a purely personal mission to pick up his wife and son, but let us not forget that he had earlier testified that the car was furnished to him for *"business and . . . pleasure at his discretion."* In summary judgments, all evidence must be construed most strongly against the movant, but here, even if construed most favorably towards the movant, the affidavit shows he was using the car for the very purpose for which it was furnished to him, to wit, "pleasure at his discretion." Further, certain inferences and presumptions that this automobile was furnished as a part of considerations of his employment cannot be overlooked or swept under the rug. The master recognized that it was beneficial to the master in his employment of his branch manager to allow the branch manager at all times to drive at his own discretion a Saunders Leasing vehicle, paying all the expenses on the car including the gasoline. Hence, at the very least, there is a conflict in the evidence as to whether or not the driver was acting within the scope of his employment. This issue of fact should be resolved by a jury. As was held in *McCarty v. Nat. Life &c. Ins. Co.* 107 Ga. App. 178, 179 (129 SE2d 408): "Where more than one inference can be drawn from the evidence, the duty of solving the mystery should be placed upon the jury and not the trial judge." Also see Division 4 on this point.

2. A presumption arises that when a collision occurs involving a vehicle driven by an employee, the employee is acting within the scope of his employment. See *Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162 (2), 165

(102 SE2d 667); *Ayers v. Barney A. Smith Motors,* 112 Ga. App. 581, 582 (145 SE2d 753); *Pest Masters, Inc. v. Callaway,* 133 Ga. App. 123 (210 SE2d 243).

3. Of course, such presumption is rebuttable. See *Abelman v. Ormond,* 53 Ga. App. 753, 761 (187 SE 393). But under any and all circumstances, *it is for the jury to say whether the presumption has been overcome.* In the *Ayers* case, supra, the automobile involved in the collision was a demonstrator driven by a company salesman employed on a commission basis only, but he had unrestricted use of the automobile which was being operated under a dealer's license tag. Hence, it was a *full-time assignment of the automobile to him.* It was there held that a jury could legitimately infer that the salesman was acting within the scope of his employment, *even though the master and servant positively testified that what he was doing was without the scope of his employment.* In the *Fortenberry* case, supra, it was likewise held that because of this presumption it was a jury question as to whether the driver was acting within or without the scope of his employment. It is for the jury, not the judge, to say whether the presumption has been overcome.

4. Where more than one inference can be drawn from the evidence the duty of solving the mystery should be placed upon the jury and not on the trial judge, and a party opposing a motion for summary judgment must be given the benefit of all reasonable doubts. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Pest Masters, Inc. v. Callaway,* 133 Ga. App. 123, 125, supra. The evidence is not uncontradicted, and it does not overcome the inferences and the presumptions in favor of the respondent.

I am authorized to state that Presiding Judge Pannell and Judge Webb concur in the judgment of the dissent.

ADDENDUM TO DISSENT.

EVANS, Judge.

This case involves the question of whether a plaintiff, who introduces evidence creating a presumption in his

favor, is allowed to go to the jury (that is, to withstand the onslaught of defendant's motion for summary judgment) without introducing new evidence, especially where defendant's evidence creates a presumption in plaintiff's favor to rebut defendant's evidence.

Remembering that in all summary judgment cases, every inference must be construed most strongly in favor of the one opposing the motion, and all evidence must be construed most strongly against movant, it is my firm belief that the plaintiff here should not have summary judgment granted against him, and I would still reverse the lower court. In my original dissent I commented on language used by the majority in the first division, which language has been removed and taken out of the opinion following my dissent. This may help to explain my dissent's referring to language which was once with us but is now departed. I do not believe the changes made by the majority authorize any different opinion, which is my reason for continuing to dissent.