**FIFTH DIVISION**
**BARNES, P. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 13, 2021**

# In the Court of Appeals of Georgia

A21A0672. BLAKE v. TRIBE EXPRESS, INC. et al.

PHIPPS, Senior Appellate Judge.

Tairan Blake sustained injuries in a multi-vehicle collision that he alleges resulted from the negligence of defendants Tribe Express, Inc. ("Tribe"), and Marquentin Prosser, its employee, who ran on foot into traffic on I-75 North in Henry County, setting off a chain of events that culminated in the collision. The trial court found that Prosser was acting outside the scope of his employment with Tribe at the time of the collision and granted summary judgment to Tribe. Blake appeals that ruling, contending that a genuine issue of material fact remains in dispute. We disagree and affirm.

Summary judgment is appropriate where no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. See OCGA

§ 9-11-56 (c). This Court reviews a trial court's summary judgment ruling de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party. See *Advanced Disposal Servs. Atlanta v. Marczak*, 359 Ga. App. 316, 316 (857 SE2d 494) (2021).

The material facts of this case are largely undisputed. Viewed in the light most favorable to Blake, the non-movant, the record shows that Prosser was employed by Tribe as a truck driver, and, on November 1, 2017, he made a delivery on Tribe's behalf to Montgomery, Alabama while driving a Tribe-owned tractor-trailer. Prosser then drove Tribe's tractor-trailer to Gordon, Georgia to visit his mother. The trailer was empty. Upon making contact with Prosser sometime between November 1 and November 3, 2017, Tribe informed Prosser that his employment was terminated and instructed him to return its tractor-trailer to one of its two locations in Gainesville, Georgia.

On November 3, 2017, Prosser drove from Gordon to within 200 yards of Tribe's Gainesville headquarters. However, rather than proceeding to Tribe's headquarters, Prosser turned onto I-985 South and began driving away from Gainesville. Prosser continued onto I-85 South through Atlanta and merged onto I-75 South as he left the city. In Henry County, Prosser navigated the tractor-trailer onto

2

the express lanes, driving through security barriers which were lowered to prevent access to the express lanes. When Prosser drove through the barriers, debris flew over the median wall and damaged a passing vehicle.[1]

Prosser drove south in the express lanes for approximately two miles until he struck the side railing and brought the tractor-trailer to a stop near exit 224. He then exited the tractor-trailer, ran on foot across the express lanes, jumped a barrier, and ran into traffic on I-75 North. When Prosser darted into traffic, a sport utility vehicle ("SUV") swerved to avoid him and, in doing so, collided with Blake's tractor-trailer. Prosser was struck and injured by a third vehicle. The police report prepared following the incident indicated that, before being transported to the hospital, Prosser had "random fits of rage" and "continually tried to get up, and walk into traffic." The report also noted Prosser's dilated pupils, rapid pulse, and elevated blood pressure. While at the hospital, Prosser did not respond to questions about what led to the collision or what substances he might have ingested. As a result of the incident, Prosser was issued citations for multiple offenses, including driving under the influence.

---

[1] Prosser was charged with hit and run in connection with this incident.

On September 27, 2018, a Henry County grand jury indicted Prosser for theft by taking of Tribe's tractor-trailer, driving under the influence of a drug, driving under the influence of cocaine, hit and run, violation of duty upon striking a fixed object, and failure to maintain lane. On June 3, 2019, Prosser pleaded guilty to theft by taking, driving under the influence of a drug, hit and run, and violation of duty upon striking a fixed object. The remaining counts of driving under the influence of cocaine and failure to maintain lane were nolle prossed.

Blake filed this lawsuit in August 2018, asserting claims against Tribe for Prosser's negligence, as well as for Tribe's negligent hiring, training, and supervision of Prosser.[2] During his deposition, which took place less than a week before he pleaded guilty to the charges brought against him, Prosser testified that, on the day of the collision, he was returning the tractor-trailer to Tribe in Gainesville after being terminated, as Tribe had instructed him. Prosser stated that, upon arriving in Gainesville, he made a wrong turn and returned to the interstate to reroute. According to Prosser, "I realized I had been going to a point where I missed my turn and had to recalculate and reroute the truck to get back on the interstate to get back off on my

---

[2] Blake also asserted claims against Prosser, but Prosser is not a party to this appeal.

exit again to go in the right direction." Prosser elaborated, "I made a wrong turn and had to reroute the truck in order to get back to where I was trying to get to of dropping the tractor and trailer off. That's how I ended up back on the interstate thinking that I was going in my right direction[.]" When asked about the events leading up to the collision, what substances he might have ingested, and why he continued driving after hitting the barriers restricting access to the express lanes, Prosser invoked his Fifth Amendment right against self-incrimination.

Tribe thereafter moved for summary judgment, arguing that Blake's negligence claim against Tribe, which was premised on respondeat superior, was not valid because Prosser was acting outside the scope of his employment.[3] Specifically, Tribe argued that Prosser was operating the tractor-trailer at a place and for a purpose unauthorized by Tribe and that Prosser's guilty plea to theft by taking was "direct, irrefutable evidence of his admission that he did not have authority to be in Defendant Tribe's tractor-trailer at the time of the collision." In support of its motion, Tribe

---

[3] Tribe's motion for summary judgment also addressed claims asserted by Blake for Tribe's negligent hiring, training, and supervision, as well as negligent entrustment of a commercial vehicle to Prosser. In granting summary judgment, the trial court found that the issues were unopposed and any argument was waived because Blake failed to address the claims in his response to Tribe's motion. On appeal, Blake does not challenge the trial court's decision regarding these issues.

5

submitted, among other things, Prosser's indictment and the final judgment entered upon his guilty pleas. In response, Blake argued, as he does on appeal, that Prosser's testimony regarding missing his turn and returning to the interstate to reroute the tractor-trailer conflicted with his guilty plea to theft by taking and thus created a genuine issue of material fact as to whether he was acting in the course and scope of his employment with Tribe at the time of the collision. Blake did not submit any evidence supporting his response in opposition to Tribe's motion.

The trial court granted summary judgment to Tribe, finding that Prosser was acting outside the scope of his employment with Tribe at the time of the collision. In doing so, the trial court applied the burden-shifting framework urged by Blake, requiring Tribe to rebut the presumption that Prosser was acting in the scope of his employment, which arose because he was driving a Tribe-owned vehicle, with "clear, positive, and uncontradicted" evidence that he was acting outside the scope of his employment at the time of the collision.[4] The trial court found that Tribe met its

---

[4] Blake's response relied upon the standard announced by our Supreme Court in *Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979), while the trial court relied upon this Court's decision in *Massey v. Henderson*, 138 Ga. App. 565 (226 SE2d 750) (1976). The difference is immaterial, however, because both cases employ the same presumption and burden-shifting framework. See *Allen Kane's*, 243 Ga. at 777 ("Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the

burden by offering evidence that Prosser drove eighty miles away from his intended destination and pleaded guilty to theft by taking of Tribe's tractor-trailer. The trial court rejected Blake's argument that Prosser's testimony about making a wrong turn created a factual dispute precluding summary judgment, reasoning that the testimony and Prosser's subsequent guilty plea were not in direct conflict. The trial court explained its findings as follows:

> Giving [Blake] the benefit of all reasonable inferences and finding that Defendant Prosser got lost in Gainesville and got back on I-985 traveling south to recalibrate his GPS, Defendant Prosser still knew Tribe's truck needed to be returned to Gainesville. It is contrary to logic or reason that a professional driver would be less than a mile from his destination and then drive 80 miles away from it without making a conscious decision to do so.

employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise.") (citation and punctuation omitted); *Massey*, 138 Ga. App. at 565 (1) ("[U]nder Georgia law[,] a presumption arises when a servant is operating his employer's vehicle at the time of a collision, he was in the scope of his employment. The burden is then upon the master to rebut the presumption by evidence that is clear, positive and uncontradicted and that shows the servant was not in the scope of his employment.") (citations and punctuation omitted).

7

Although the trial court imposed a higher burden of proof on Tribe than was called for by the facts of this case, it correctly found that Prosser was not acting in the course and scope of his employment with Tribe at the time of the collision.

As an initial matter, we note that the trial court improperly evaluated Tribe's motion for summary judgment pursuant to the burden-shifting framework enunciated in *Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979), and *Massey v. Henderson*, 138 Ga. App. 565 (226 SE2d 750) (1976), which establishes a rebuttable presumption that an employee is acting in the scope of his employment when he is operating his employer's vehicle at the time of the collision that causes the injuries at issue. See *Allen Kane's*, 243 Ga. at 777; *Massey*, 138 Ga. App. at 565 (1). This framework, however, applies only when the employee-driven, employer-owned vehicle is involved in the collision that results in the tort-claimant's injury. See *Allen Kane's*, 243 Ga. at 777-778. The facts of this case are distinguishable because the Tribe-owned tractor-trailer was not involved in the collision between Blake's tractor-trailer and the SUV that gave rise to this lawsuit. Instead, that collision occurred when the SUV swerved to avoid hitting Prosser after he exited Tribe's tractor-trailer and darted on foot into the path of the SUV.

8

Therefore, Tribe's motion for summary judgment is properly evaluated pursuant to the general law of respondeat superior.

"Under the doctrine of respondeat superior, a master is liable for the tort of its servant only to the extent that the servant committed the tort in connection with his employment by the master, within the scope of his employment, and in furtherance of his master's business." *B-T Two, Inc. v. Bennett*, 307 Ga. App. 649, 652 (1) (706 SE2d 87) (2011). "[T]he general rule for determining whether the master is liable for the acts of an employee is not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." Id. (citation and punctuation omitted). Whether an employee acted in furtherance of his employer's business and within the scope of his employment is generally an issue to be resolved by the jury; however, "the evidence in some cases is so plain and undisputable that the court may resolve a respondeat superior claim as a matter of law." *Centurion Indus. v. Naville-Saeger*, 352 Ga. App. 342, 344 (1) (834 SE2d 875) (2019) (citation and punctuation omitted). "Importantly, summary judgment for the master is appropriate when the evidence shows that the servant was not engaged in furtherance of his master's business but was on a private enterprise of his own." *Lucas v.*

9

*Beckman Coulter, Inc.*, 348 Ga. App. 505, 508 (2) (823 SE2d 826) (2019) (citation and punctuation omitted). See also *Graham v. City of Duluth*, 328 Ga. App. 496, 501 (1) (759 SE2d 645) (2014) ("Under Georgia law, if a servant steps aside from his master's business to do an act entirely disconnected from it, and injury to another results from the act, the servant may be liable, but the master is not liable.") (citation and punctuation omitted).

Here, there is no evidence in the record that Prosser, at the time of the collision, was acting within the scope of his employment or in furtherance of Tribe's business. In fact, as the trial court correctly found, the record contains direct evidence that Prosser was *not* acting in the scope of his employment or in furtherance of Tribe's business in the form of Prosser's guilty plea to theft by taking of Tribe's tractor-trailer. "In Georgia, a guilty plea is an admission against interest and prima facie evidence of the facts admitted." *Trustgard Ins. Co. v. Herndon*, 338 Ga. App. 347, 351 (1) (790 SE2d 115) (2016) (physical precedent only) (citation and punctuation omitted). See also OCGA § 24-8-803 (22) (evidence of final judgment entered upon guilty plea admissible "to prove any fact essential to sustain the judgment"). As evidenced by his guilty plea to stealing his employer's tractor-trailer, Prosser clearly acted "for purely personal reasons unconnected with [his] job" when, after exiting the

10

stolen tractor-trailer, he darted on foot into oncoming traffic.[5] *McCrary v. Middle Ga. Mgmt. Servs.*, 315 Ga. App. 247, 255 (2), n.26 (726 SE2d 740) (2012) (employer was not liable for employee's tortious conduct where such conduct arose from employee's effort to cover up criminal act to which employee later pleaded guilty). See also *Elliott v. Leavitt*, 122 Ga. App. 622, 630 (6) (178 SE2d 268) (1970) (employee's "complete departure from the scope of employment and the intended use of the [company] vehicle" relieves the vehicle's owner from liability as a matter of law). Tribe thus met its burden of presenting evidence that Prosser "was not engaged in furtherance of [Tribe's] business but was on a private enterprise of his own." *Lucas*, 348 Ga. App. at 508-509 (2) (employer was not vicariously liable for plaintiff's injuries caused by accidental discharge of employee's handgun where employee, in violation of employer's policy, carried handgun into client's facility "for purely personal reasons rather than for any purpose beneficial" to his employer).

---

[5] Blake argues that "[i]t is not a 'fact' that [] Prosser stole the truck" because Prosser's guilty plea "is not conclusive and is only a circumstance to be considered with other evidence in a civil action for damages." But Blake misapprehends the case law upon which he premises this assertion. Prosser's guilty plea is indeed prima facie evidence of the facts admitted, i.e., that he stole Tribe's tractor-trailer, but "it is not conclusive that [Prosser] was negligent[.]" *Setliff v. Littleton*, 264 Ga. App. 711, 714 (2) (592 SE2d 180) (2003).

Where, as here, "a motion for summary judgment is supported by [evidence] showing a prima facie right in the movant to have judgment rendered in his favor, the burden shifts to the opposing party to produce rebuttal evidence sufficient to create a genuine issue of material fact." *Hasty v. Spruill*, 207 Ga. App. 485, 486 (428 SE2d 420) (1993). Blake maintains that Prosser's testimony that he made a wrong turn and returned to the interstate in Gainesville to reroute the tractor-trailer contradicts his guilty plea and thereby creates a genuine issue of material fact sufficient to survive summary judgment.[6] Specifically, Blake takes an inferential leap and contends that if Prosser were lost at the time of the collision (presumably as a result of the wrong turn), then he was acting in the course and scope of his employment at the time of the collision. However, as the trial court found, Prosser's testimony that he made a wrong turn does not directly contradict his guilty plea.[7] Indeed, it is entirely plausible that

---

[6] While Blake enumerates three errors in his appellate brief, these purported errors are premised on the singular notion that Prosser's deposition testimony contradicts his guilty plea and thus creates an issue of material fact that can only be resolved by a jury.

[7] Blake asserts that the trial court improperly determined that Prosser's deposition testimony and guilty plea were not contradictory. However, it is well settled that "[w]hether [] testimony is contradictory . . . is a question of law for the trial court." *Liles v. Innerwork, Inc.*, 279 Ga. App. 352, 353-354 (1) (631 SE2d 408) (2006) (citation and punctuation omitted). We find no error.

Prosser made a wrong turn and navigated onto the interstate to reroute, then, at some point, decided not to return the tractor-trailer to Tribe. As the trial court's order notes, "[i]f the collision had occurred within closer proximity to Tribe's headquarters . . . a jury question would arise as to whether [Prosser] was still in the course and scope of his employment."

Moreover, Prosser did not testify that he was lost; he testified that he made a wrong turn in Gainesville, eighty miles north of the site of the collision. Thus, his testimony is, at best, circumstantial evidence from which an inference could be drawn that Prosser was lost and was acting in the course of his employment at the time of the collision. But "in passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." *Patterson v. Kevon, LLC*, 304 Ga. 232, 236 (818 SE2d 575) (2018) (citation and punctuation omitted). See also *Winder v. Paul Light's Buckhead Jeep Eagle Chrysler Plymouth*, 249 Ga. App. 707, 711-712 (3) (549 SE2d 515) (2001) ("[C]ircumstantial evidence has no probative value in establishing a fact where such evidence is consistent with direct, unimpeached evidence showing the nonexistence of such fact."). Of course, it is possible that Prosser was lost when he exited Tribe's tractor-

13

trailer and darted into traffic eighty miles south of his intended destination, but his testimony that he made a wrong turn does not necessitate that finding, and Blake points to no other evidence that would support such a finding.[8] Under these circumstances, Blake's assertion that Prosser was lost is nothing more than speculation. See *Rosales v. Davis*, 260 Ga. App. 709, 712 (2) (580 SE2d 662) (2003) (circumstantial evidence that does not point more strongly to a conclusion opposite that established by direct evidence "amounts to mere speculation, conjecture, or possibility insufficient to preclude summary judgment"). Such speculation cannot defeat the positive and uncontradicted evidence that Prosser stole Tribe's tractor-trailer and thus was acting for personal reasons, outside the scope of his employment, and not in furtherance of Tribe's business at the time of the collision.

---

[8] Blake argues in passing that Prosser's abandonment of the tractor-trailer is evidence that he was acting in the scope of his employment because Prosser "testified that he ran across the highway because he smelled gasoline and was trying to get away from the truck," which, Blake asserts, "is what [he] was trained to do by Appellee Tribe if he smelled gasoline." Prosser testified, however, that in the event of a suspected fuel leak, Tribe's driver's handbook directed him to "[p]ull over, call 911, alert dispatch, [and] put out safety cones for bystanders and other drivers." Prosser further acknowledged that Tribe's standard operating procedure mandated that "[d]rivers will not leave their truck unattended[.]" Accordingly, Prosser's testimony that he "was trying to get away from the truck" is insufficient to create a genuine issue of material fact as to whether he was acting in the scope of his employment.

14

Blake further argues that the trial court improperly rendered determinations as to Prosser's credibility, highlighting the following sentence from the trial court's order: "Even though Defendant Prosser alleges he was not aware of the location of Tribe, the Court finds these statements are not to be given credibility." It is true, as Blake argues, that a trial court may not make credibility determinations in ruling on a motion for summary judgment, see *K/C Ice, LLC v. Connell*, 352 Ga. App. 376, 378 (1) (835 SE2d 11) (2019) ("In deciding a motion for summary judgment, neither the trial court nor this Court can consider the credibility of witnesses; and a finder of fact must resolve the question of credibility and the conflicts in the evidence which it produces."), but the trial court's ruling did not hinge on its disbelief of Prosser's testimony that he did not know where Tribe was located.[9] Instead, the trial court's decision, which gave Blake the benefit of all reasonable inferences and credited Prosser's testimony that he made a wrong turn in Gainesville, was premised on the facts (proved by direct evidence) that Prosser drove eighty miles away from Gainesville after coming within 200 yards of his destination and subsequently pleaded guilty to theft by taking of Tribe's tractor-trailer. The trial court's opinion of

[9] The records shows that Prosser did not, in fact, testify that he was unaware of Tribe's location. Instead, he testified that he did not know to which of Tribe's two Gainesville locations he was supposed to return the tractor-trailer.

15

Prosser's credibility thus was immaterial to its ruling and presents no cause for reversal. Cf. *Dupree v. Houston County Bd. of Ed.*, 357 Ga. App. 38, 46-47 (2) (849 SE2d 778) (2020) ("Where credibility is the controlling question, summary judgment is not appropriate.") (citation and punctuation omitted).

Indeed, the portions of the trial court's order that Blake contends constitute improper credibility determinations, when read in context, appear instead to be determinations that Prosser's testimony about making a wrong turn does not support the reasonable inference that he simply was lost at the time of the collision. Because only reasonable inferences can give rise to a genuine issue of material fact sufficient to preclude summary judgment, see *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991), the trial court did not err by passing on the reasonableness of the inference that Prosser was lost, which was premised on circumstantial evidence, in light of the direct evidence that Prosser was not acting in the course and scope of his employment. Cf. *Patterson*, 304 Ga. at 236-237 (summary judgment not appropriate where defendant's motion for summary judgment was based upon circumstantial evidence and plaintiffs "presented evidence which, although circumstantial, contradicted point by point the assertions made in" defendant's motion).

16

Based on well settled law, the evidence is plain and undisputable that Prosser was not acting in the course and scope of his employment with Tribe when he exited the Tribe-owned tractor-trailer eighty miles away from his intended destination and ran into traffic. The trial court therefore was permitted to resolve this respondeat superior claim as a matter of law, and it did not err in granting summary judgment to Tribe.

*Judgment affirmed. Barnes, P.J., and McFadden, P. J., concur.*