43229. BAILEY, Administratrix v. McCURRY.

ARGUED NOVEMBER 7, 1967—DECIDED JANUARY 4, 1968—
REHEARING DENIED JANUARY 17, 1968—CERT.

102

*Alston, Miller & Gaines, Kenneth W. Gilchrist, Ronald L. Reid,* for appellant.

*Allen & Baker, Verlyn C. Baker, James C. Abernathy,* for appellee

HALL, Judge. 1. The trial court's first ruling on the motion did not constitute the law of the case, since it was conditional. It specifically provided that the order was stayed for 15 days to allow the plaintiff to obtain additional affidavits, if she could, to rebut the defendant's motion and that, upon her failure to do so, then the order should be of full force and effect. The plaintiff having timely filed additional affidavits, the first order, by its terms, never became effective.

2. The summary judgment law provides protection if a party who has good grounds for opposing a motion for summary judgment is unable at the time of the hearing to present acceptable evidence that there is a genuine issue of fact. The remedy is to set forth these reasons in an affidavit. *Code Ann.* § 110-1206. "If the reasons are adequate the trial court has a broad discretion to determine whether to deny the motion for summary judgment, order a continuance, or make some other just disposition." 6 Moore's Federal Practice 2852, § 56.23. "To obtain relief under this provision, however, the opposing party must show *good reasons* why he cannot present facts essential to justify his opposition." 3 Barron & Holtzoff, Federal Practice and Procedure 174, § 1238. It is certainly well settled that the opposing party is not entitled to hold back his evidence until the trial upon the assertion that he may possibly find some unidentified witness. 6 Moore's Federal Practice 2854, § 56.23. This would emasculate the very purpose of summary judgment. The opposing affidavit presented here fails to set forth sufficient good reasons to justify the exercise of the trial court's discretion under *Code Ann.* § 110-1206.

3. The appellee contends there is a genuine issue on the material fact as to whether the defendant was driving the automobile at the time of the collision even though the defendant testified he was not driving. We disagree. While there is some circumstantial evidence from which it might be inferred that the defendant was driving, it did not demand a finding to that effect. The evidence shows a severe collision which resulted in both the front and rear left doors being open. It fails to establish where the body of the plaintiff's decedent was found. Since the defendant gave positive testimony that he was not driving, which was not contradicted or impeached, the circumstances relied on by the plaintiff are insufficient to make a jury question as to whether or not the defendant swore the truth. *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700).

The defendant's affidavit was not impeached by his testimony on deposition before the Workmen's Compensation Board. The material issue in this case is not who was driving but whether the defendant was driving. Both in his affidavit and on deposition, the defendant's testimony is positive and unequivocal that he was not driving. While his affidavit states without equivocation that McCurry was driving, and his testimony on deposition was that "McCurry, [was driving] as far as I know," this is not an inconsistent statement which could be considered for purposes of impeachment.

The trial court erred in its judgment overruling the defendant's motion for summary judgment.

*Judgment reversed. Eberhardt, J., concurs. Felton, C. J., concurs in Divisions 1 and 2 and concurs specially as to Division 3.*

FELTON, Chief Judge, concurring specially. I concur in the judgment and in Divisions 1 and 2 of the opinion. I concur in the ultimate conclusion in Division 3 that there was no genuine issue of fact for a jury but for a different reason. I think that the defendant's testimony before the State Board of Workmen's Compensation to the effect that "McCurry [was driving] *as far as I know*" (emphasis supplied) is inconsistent with his affidavit on summary judgment that McCurry *was* driving, and would have been sufficient to impeach the defendant's testimony if proper groundwork had been laid for its consideration in this

case. The defendant was not faced with his inconsistent statement by deposition or otherwise and until that was done the matter in counter showing against the motion for a summary judgment insofar as the effort to impeach the defendant was concerned was not admissible in evidence as the record now stands and there is no legal showing that there was a genuine issue of fact to be decided by the jury.