43229.   BAILEY, Administratrix v. McCURRY.

HALL, Judge.   This case involves an application of the rule that, "Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied upon by the plaintiff, it was affirmatively shown that no such fact existed." *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700).   The plaintiff contended that there was a genuine issue of fact as to whether the defendant was driving the automobile (owned by the plaintiff's decedent) at the time of the violent collision.   The defendant testified that he was not driving but was in fact in the back seat of the automobile at the time of the collision and that the deceased was driving his own car.   This positive testimony was neither contradicted nor impeached.   The circumstantial evidence presented by the plaintiff was that none of the occupants of the car was in a conscious condition, that the front and rear left doors had been flung open by the collision, and that the defendant was found lying partially in the front left seat and

partially out of the left front door. *No evidence was presented as to where the body of the deceased was found.*

This court held that under *Myers v. Phillips*, 197 Ga. 536, supra, there was no question for the jury since the defendant's positive and unimpeached testimony was consistent with the circumstantial evidence, including the fact that due to the force of the collision the left doors were open, and the absence of evidence of the location of the body of the plaintiff's decedent. *Bailey v. McCurry*, 117 Ga. App. 100 (159 SE2d 425). The Supreme Court reversed, holding that there was "utter irreconcilable conflict between the positive testimony and the indisputable physical facts. . ." *McCurry v. Bailey*, 224 Ga. 318. We must therefore accept *in invitum* the Supreme Court's *logicalization*.

The judgment of this court is vacated, and the judgment of the Supreme Court is made the judgment of this court.

*Judgment of the trial court affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED MAY 9, 1968.

*Alston, Miller & Gaines, Kenneth W. Gilchrist, Ronald L. Reid,* for appellant.

*Allen & Baker, Verlyn C. Baker, James C. Abernathy,* for appellee.