65468. CLEMENTS et al. v. LONG et al.

McMURRAY, Presiding Judge.

This is a wrongful death action. Summary judgment was granted in favor of defendants.

On April 18, 1981, Billy Earl Clements was a passenger in a pickup truck owned by James Emmett Long and Mavis Stevens Long, d/b/a Long's Welding and Machine Shop, being driven by John G. Long. John G. Long was the son of the above persons (albeit emancipated — age 36) but was an employee of the machine shop and was driving with the express consent and knowledge of said owners, his mother and father. The pickup truck was provided to John G. Long for purposes of going to and from work and making service calls on behalf of the business and his personal purposes. On the date in question Billy Earl Clements was a guest passenger in the truck being driven by John G. Long when the driver attempted and did elude certain police officers attempting to stop him (the officers having wrecked the police car). However, either shortly before or after the police car wrecked John G. Long lost control of the pickup truck, and Billy Earl Clements was killed when he was thrown from the vehicle. John G. Long made an admission against his interest to the divorced wife of the decedent that "he lost control of the truck and that he was just so involved in driving the truck and maintaining . . . control that he just couldn't — he didn't know what happened. It just happened so fast . . ."

The ex-wife, as next friend and natural guardian of the two children of herself and the decedent, Billy Earl Clements, brought an action in three counts against the defendants John G. Long, James Emmett Long and Mavis Stevens Long, d/b/a Long's Welding and Machine Shop. Plaintiffs' complaint alleges that the death of Billy Earl Clements resulted from the negligence of the driver of the vehicle, defendant John G. Long. The complaint contends that the other defendants are liable on theories of respondeat superior and the family purpose car doctrine. Both John G. Long and James Emmett Long were served and separately answered the complaint admitting the above circumstances and facts surrounding the death of Billy Earl Clements. However, Mavis Stevens Long was not served and is not a party to this action. In addition, the defendants in their separate answers each admitted in paragraph 5 that the defendant John G. Long was driving the vehicle "in a negligent manner" on the date in question and "by his negligence did cause said vehicle to overturn resulting in the death of Billy Earl Clements, deceased." Notwithstanding that they admitted the above they then in their answer sought to neither admit nor deny this averment "for lack of

sufficient information to form a belief as to the truth thereof." Each also added a defense of assumption of the risk by the decedent and that his death resulted from the known danger of the manner in which defendant John G. Long was driving the vehicle, the same being imputable to the plaintiffs. Another defense was that the death of plaintiffs' decedent was the result of comparative negligence, that is, his negligence was greater than any negligence of the defendant John G. Long, the same being imputable to the plaintiffs.

After discovery the defendants filed their motion for summary judgment. In support of this motion, by affidavit, John G. Long deposed much of the above facts that he had possession, as an employee, of the truck owned by the machine shop which was provided to him for purposes of going to and coming home from work and for making service calls away from the business establishment being "often required to perform services out in the county or in surrounding towns," having permission to utilize this truck for personal use but the sole basis for the possession of the truck was the furtherance of the business. On the evening prior to the decedent's death he and the decedent met at an establishment and at approximately 3:00 a.m. on April 18, 1981, left the establishment together and he was driving the pickup truck when he noticed police officers following them. He told the passenger "we might as well try to outrun them." The decedent replied to him, "he would do whatever I wanted to do, that he would go along with my suggestion, and he encouraged me to go faster," that he encouraged me "to go as fast as I could and . . . that he was with me all the way," acknowledging "to me his awareness that I was going to travel at a high speed in an attempt to outrun the police before I began to do so." Affiant further deposed that decedent "did not attempt to warn me against any hazard from traveling at a high rate of speed . . . did not ask me not to speed, nor did he attempt to stop me from doing so," and "did not ask me to let him out of the vehicle before I began speeding; rather he stated his willingness to go along with me." He then added "I lost control of our vehicle and we wrecked." He then added that at no time during the events of this incident was he performing any services on behalf of the business or furthering the business in any way, his activities being "totally personal and completely unrelated" to his employment. Summary judgment was then granted in favor of the defendants, and plaintiffs appeal. *Held:*

1. "Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of *summary* adjudication whether for or against the plaintiff or the

defendant, but must be resolved by a trial in the ordinary manner." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178). See also *Malin v. Jaggers,* 134 Ga. App. 806 (216 SE2d 666), citing *Wakefield v. A. R. Winter Co.,* supra. It is further stated in *Wakefield v. A. R. Winter Co.,* supra, at page 260, that even where there is no dispute as to the facts it is, however, "usually for the jury to say whether the conduct in question met the standard of the reasonable man," citing and quoting textbook law and that questions necessitating a decision as to whether a given state of facts shows the lack of ordinary care for one's own safety which will bar recovery (assumption of the risk cases), or comparative negligence which will reduce recovery, are generally for the jury, citing *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616) and *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9), revg. *Bailey v. McCurry,* 117 Ga. App. 100 (159 SE2d 425).

In the case sub judice the defendant driver has in one breath admitted (in the pleadings) his negligence and then seeks to deny same as lacking sufficient information. He then made certain admissions against interest (prior to suit) to the divorced wife of decedent (mother of plaintiff children) that he had lost control of the truck and he was just so involved in the driving and maintaining control that he just couldn't or didn't know what happened, that it "just happened so fast." Now after deliberation and being sued he seeks to establish in his testimony by affidavit that the decedent assumed all the risk of attempting to elude the police officers and was willingly a participant in this activity and the resulting wreck due to his loss of control of the vehicle and that this defendant was at all times on his own personal mission and not in any wise driving the vehicle in furthering the business in any way.

Notwithstanding the above evidence these defendants have made certain admissions by their answers to the complaint and testimony which conflicts with a presumption and testimony offered in support of the motion for summary judgment.

We note here that the interest of a witness in the result of a suit may always be considered in passing upon his credibility where there are circumstances inconsistent with his testimony. *Chaffin v. Community Loan &c. Co.,* 67 Ga. App. 410 (20 SE2d 435). Further, the interest of a witness in a suit may always be considered, and his credibility therein is a matter for the jury's determination. *Hall v. Turner,* 198 Ga. 763, 764 (2), 772 (32 SE2d 829). In such situations as here the jury are the exclusive judges of the credibility of witnesses. *Rome R. Co. v. Barnett,* 94 Ga. 446, 447 (5) (20 SE 355). Clearly as to the defendant driver, in the cases cited above, this case remains for jury determination as to where the preponderance of the evidence

will lie, that is, after considering all the facts and circumstances, including the witnesses' manner of testifying, their means and opportunity for knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their *interest or want of interest* and their *personal credibility.* See OCGA § 24-4-4 (formerly Code § 38-107). See also in this connection *Sparks v. Porcher,* 109 Ga. App. 334, 342 (136 SE2d 153); *Evans v. Caldwell,* 45 Ga. App. 193 (163 SE 920); *Higdon Grocery Co. v. Faircloth,* 107 Ga. App. 558 (130 SE2d 760); *Peacock v. Sheffield,* 115 Ga. App. 116, 120-121 (2) (153 SE2d 619). Under the circumstances here we are unable to hold as a matter of law that the guest passenger was afforded a reasonable opportunity to take appropriate action to avoid being killed with reference to his opportunity to save himself from the wantonness or carelessness of the host driver. The court erred in granting summary judgment for the defendant driver. See *Smith v. Harrison,* 92 Ga. App. 576 (4), 580-581 (89 SE2d 273); *Hennon v. Hardin,* 78 Ga. App. 81, 83-84 (50 SE2d 236); *Peacock v. Sheffield,* 115 Ga. App. 116, supra.

2. We are next concerned with the issue of respondeat superior and the family purpose car doctrine in the driving of the pickup truck by John G. Long, the vehicle being owned by his father, James Emmett Long in partnership with his mother, Mavis Stevens Long, who was not served. The defendant John G. Long by affidavit gave positive and uncontradicted testimony that he was age 36 years, residing separately with his wife from his parents and was self-supporting. However, we are not faced with a presumption with reference to the family purpose car doctrine that we are with reference to the principle of respondeat superior. This evidence is clearly positive and uncontradicted that he was not a member of his mother and father's household.

Where a vehicle is involved in a collision and the automobile is owned by a person, and the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision and the burden is then on the defendant employer to show otherwise. See *West Point Pepperell v. Knowles,* 132 Ga. App. 253, 255 (208 SE2d 17); *Dawson Motor Co. v. Petty,* 53 Ga. App. 746 (186 SE 877); *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186). But despite the language of OCGA § 24-4-4 (Code Ann. § 38-107) that the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, the nature of the facts to which they testified, the probability or improbability of their testimony and interest or want of interest and their personal

credibility insofar as the same may legitimately appear from the trial, the Supreme Court of Georgia in *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 779, 783, supra, has held that even if a witness having an interest in the outcome of the case gives direct and positive testimony which is not in itself incredible, impossible or inherently improbable even on summary judgment such testimony can overcome the presumption that the employee was in the scope of his employment at the time of the collision. This is true, unless his testimony that at the time in question he had possession of the vehicle for the sole basis of "furtherance of the business" in that he was "often required to perform services out in the county or in surrounding towns" meets the criteria set forth in *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, supra, at page 783, as being "subject to call at any time," from which a jury could legitimately infer that he was serving in some way to prosecute the employer's business by having the vehicle in his possession at all times, being in some degree evidence that he was thus furthering the master's business in some manner. Accordingly, in the case sub judice we must hold that despite the clear, positive and uncontradicted evidence of the employee here that the defendant employee was on a purely personal mission at the time of the collision, the trial court erred in granting summary judgment to the employer defendant as the presumption has not been overcome. See also in this connection *Massey v. Henderson,* 138 Ga. App. 565, 566-568 (226 SE2d 750), affd. s.c., 238 Ga. 217 (232 SE2d 53). Compare *Evans v. Dixie Fasteners,* 162 Ga. App. 74 (290 SE2d 172). The Supreme Court has set forth that in such situations involving the master-servant relationship there must be some "other fact" that the employee was acting within the scope of his employment to create an issue of fact for the jury when there is uncontradicted testimony that the employee was not acting within the scope of his employment. The "other fact" is therefore still present as to the master. See *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 778-783, supra.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur in the judgment only.*

DECIDED JUNE 16, 1983.

*Robert H. Reeves,* for appellants.
*Benjamin F. Easterlin IV,* for appellees.