## S09G1508. HICKS v. HEARD et al.
### (692 SE2d 360)

MELTON, Justice.

This case involves a vicarious liability action brought by Bonnie Hicks against Mark Heard Fuel Company ("Company") for injuries Hicks received from a car collision with Jessica Heard ("Jessica"), an "on call" employee of the Company. In *Hicks v. Heard*, 297 Ga. App. 689 (678 SE2d 145) (2009), the Court of Appeals affirmed the trial court's grant of summary judgment in favor of the Company. In doing so, the Court of Appeals found that Hicks failed to satisfy the required burden to show that Jessica was acting in the scope of her employment with the Company at the time of the collision. We granted certiorari to determine whether the Court of Appeals gave proper weight to an employee's "on call" status during the final step of the burden-shifting framework laid out in *Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979). For the reasons set forth below, we affirm.

As set forth in the Court of Appeals opinion, the record in this case shows that

> Samuel Heard is the vice president and co-owner of the Company and that Jessica Heard is his daughter. In 2004, Jessica was employed part-time by the Company to perform clerical work on an "as needed" basis. For her personal and work-related use, Jessica drove a sport utility vehicle, which was owned at the time by the Company. Around noon on July 13, 2004, Jessica was driving home from school when she collided into the rear-end of a vehicle, which had stopped behind some other vehicles that were waiting to turn left. The vehicle that Jessica hit subsequently collided into the back of Hicks's vehicle. Hicks sued Jessica Heard and the Company, alleging that she suffered injuries as a result of Jessica's negligence and alleging that the Company was liable for Jessica's negligence on the grounds of vicarious liability and negligent entrustment of a vehicle. At the close of discovery, the Company filed a motion for summary judgment, which the trial court granted.

(Footnote omitted.) *Hicks*, supra, 297 Ga. App. at 689-690.

Jessica testified unequivocally and without contradiction that she was on the purely personal mission of returning home after finishing an exam at school at the time that she had a vehicle collision with Hicks. In response to the Company's motion for summary judgment, Hicks countered Jessica's uncontradicted testimony only with Jessica's statement that she was "on call" at the time of the incident. The mere fact that Jessica could have been called to duty at some point in the future, however, does not contradict Jessica's testimony that, at the time of the collision, she was not acting in the scope of her employment. To the contrary, it is, at best, a "mere inconclusive inference . . . insufficient to get [Hicks] by [the Company's] motion for summary judgment." *Allen Kane's Major Dodge*, supra, 243 Ga. at 781. Given Hicks' failure to present any satisfactory evidence to contradict Jessica's testimony regarding the nature of her mission, the burden-shifting framework set forth in *Allen Kane's Major Dodge* supports the trial court's grant of summary judgment in favor of the Company and the Court of Appeals' affirmance of that judgment.

As set forth in *Allen Kane's Major Dodge*, the general rule of respondeat superior holds:

> When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. . . . Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise. . . . The presumption that the servant is serving his master within the scope of his employment may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence.

(Citations and punctuation omitted.) Id. at 777, 778.

Keeping these standards in mind, *Allen Kane's Major Dodge* sets forth a burden-shifting paradigm to be used in reviewing a motion for summary judgment.

> [T]he following is an appropriate test to determine when a plaintiff in this kind of case gets by a defendant's motion for summary judgment: When the uncontradicted testimony of the defendant and/or of the employee shows that the

employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this "other fact" is direct evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is circumstantial evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.

The next question obviously is, what kind of circumstantial evidence is sufficient to support a verdict? When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions. In cases of circumstantial evidence a mere inconclusive inference, or, as the English courts express it, a mere scintilla, is not to be regarded as any evidence, so as to require the submission of its sufficiency to the jury.

As we have stated, circumstantial evidence which could be taken as inconsistent with the direct, positive testimony is sufficient to get the case to a jury. However, the rule where the circumstantial evidence is consistent with the direct, positive testimony is different. Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed.

(Citations, punctuation and emphasis omitted.) Id. at 780-781.

The relevant facts of this case reveal that Jessica was a part-time employee of the Company, and Jessica's father was the vice-president and co-owner of the Company. At the time of the accident, Jessica was driving a car belonging to the Company.

Jessica Heard testified during her deposition[, however,] that she was not acting within the course and scope of her

employment with the Company at the time of the accident but was driving back home after finishing an exam at school. [Jessica's father] also testified that Jessica was not performing any work for the Company on the day of the accident and further stated that she had not worked for the Company at all that month because of her school schedule.

*Hicks*, supra, 297 Ga. App. at 691 (1). As a general matter, Jessica's "employment with the Company was described as 'on call' and 'as needed.' " Id.

Applying these facts to the burden-shifting paradigm of *Allen Kane's Major Dodge* supports the trial court's grant of summary judgment to the company. The facts that Jessica was employed by the Company and was driving a vehicle owned by the Company at the time of the accident raised a presumption that Jessica was in the scope of her employment at the time of the collision. The Company then rebutted this presumption by providing uncontradicted testimony that Jessica was not acting within the scope of her employment at the time of the accident. The burden of proof then shifted back to Hicks who countered with evidence that Jessica was "on call" at the time of the accident, which is merely circumstantial evidence that Jessica was acting in the scope of her employment. For Hicks to survive the Company's motion for summary judgment, however, this circumstantial evidence would have to be sufficient to support a verdict. In other words, the evidence that Jessica was "on call" at the time of the accident would have to not only reasonably support Hicks' conclusion that Jessica was acting in the scope of her employment, "but also render less probable all inconsistent conclusions." On this count, Hicks' evidence fails, as mere evidence that Jessica could have been called into duty for the Company at some point in the future has no bearing upon and is entirely consistent with Jessica's statement that, in fact, she was not on duty at the time of the accident. Therefore,

[i]n applying these rules to the facts of the case at bar, it is undeniable that [the fact that Jessica was "on call" at the time of the accident] is circumstantial evidence and further it is not inconsistent with [Jessica's] testimony showing that despite this fact, at the time of the accident in question, [she] was not acting within the scope of [her] employment. We find that not only does this circumstantial evidence not demand a finding for the plaintiff on the issue, it constitutes a "mere inconclusive inference" and thus is insufficient to get plaintiff by defendant's motion for summary judgment on that question.

(Emphasis omitted.) *Allen Kane's Major Dodge*, supra, 243 Ga. at 781. Therefore, the trial court properly granted the Company's motion for summary judgment in this case, and the Court of Appeals properly affirmed that judgment.

In reaching the opposite conclusion, the dissent states:

> [T]he majority erroneously manipulates the analytical framework laid out [in *Allen Kane's Major Dodge*] by giving no weight to testimony which, as *Allen Kane's* itself specifically recognizes, must be considered during the final step of the analysis, constitutes direct evidence that the employee was acting within the scope of employment, and is therefore sufficient to require that the case go to a jury.

This statement, however, has no basis in law or fact and mischaracterizes both this opinion and *Allen Kane's Major Dodge*. As discussed below, this opinion carefully follows the burden-shifting paradigm of *Allen Kane's Major Dodge* and gives *proper* weight to an employee's "on call" status.

Direct evidence is "evidence which immediately points to the question at issue." OCGA § 24-1-1 (3). It is "[e]vidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." Black's Law Dictionary (8th ed. 2004). A statement that an employee is "on call" at the time of an accident points directly only to the question of whether the employee was or was not subject to call. It only proves, without inference or presumption, that an employee could be called to duty at that time. On the other hand, to show that an employee was acting in the scope of her employment, evidence that the employee was "on call" must be coupled with an inference or presumption that the employee had, in fact, been called to duty and was acting pursuant to that duty at the time of an accident.

" 'Indirect evidence' or 'circumstantial evidence' means evidence which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." OCGA § 24-1-1 (4). As even the dissent recognizes, "the mere fact that an employee is 'on call' does not automatically give rise to employer liability. Rather, an employee's 'on call' status gives rise to a question of fact as to whether the employee was acting within the scope of his employment at the time of the accident." (Footnote omitted.) *Thurmon v. Sellers*, 62 SW3d 145, 153-154 (Tenn. App. 2001). Therefore, "on call" status, at best, is circumstantial evidence

that an employee was acting in the scope of her employment.[1]
The dissent relies on dicta in *Allen Kane's Major Dodge* for

---

[1] To reach the opposite conclusion, the dissent cites to *International Business Machines v. Bozardt*, 156 Ga. App. 794 (275 SE2d 376) (1980), again employing a misleading parenthetical for that case which erroneously states: " 'direct, as opposed to circumstantial evidence' consisted of testimony that, at the time employee allegedly caused a collision, he was in town for a series of conferences for his employer's benefit, although the meetings had ended for the day and he was going out to dinner." This parenthetical properly summarizes neither the facts of *Bozardt* nor the true nature of its holding. In *Bozardt*, a New York employee of IBM was sent to Georgia to attend a convention for several days. While attending the convention, the employee had a collision, and IBM was sued in respondeat superior. When asked whether he was acting in the scope of his employment at the time of the accident, the IBM employee responded: "No. This defendant was on his way to dinner." *Bozardt* then states:

Assuming without deciding that the aforesaid testimony of Henner[, the IBM employee,] is sufficiently "clear, positive and uncontradicted" evidence to overcome the presumption that he was acting within the scope of his employment at the time of the concerned incident, the record contains several "other facts" within the meaning of [*Allen Kane's Major Dodge*] which show that there remain genuine issues for jury determination and that, therefore, summary judgment was properly denied.

The factual situation in the case at bar is distinguishable from that of [*Allen Kane's Major Dodge*]. The pertinent facts in this case as adduced from the deposition of Henner are as follows: At the time of the concerned incident resulting in the death of appellee's decedent, Henner was an employee of IBM and was stationed in New York. However, during the week in which appellee's decedent was killed, Henner was in Atlanta solely for the purpose of attending and participating in a series of conferences regarding a certain product marketed by IBM. IBM paid for his airplane fare to Atlanta, his meals and lodging while in Atlanta, and for the automobile which he rented (and which he was driving at the time of the fatal occurrence) at Hartsfield Airport upon his arrival in Atlanta. Henner testified that he did not use the rented vehicle to travel between his hotel and the site of the convention as IBM provided buses for such travel. He further testified that it was his usual practice to rent a car when out of town, that IBM expected him to do so and that the company would pay for any reasonable use of the car. In particular, Henner testified that IBM realized he would use the rented vehicle to travel, within reason, to restaurants for meals. On the other hand, IBM would not reimburse him for entertainment expenses. Henner further stated that at the time of the mishap, he and two other IBM employees were traveling from the Peachtree Plaza Hotel where he was staying to a restaurant in the Atlanta area and that they were going to dinner and no other place. The evidence – construed most strongly in favor of appellee – indicates that while the meetings being held at the convention hall might have ended for the day in question, the actual convention was not concluded until the day following the day of the incident resulting in the death of appellee's decedent.

Contrary to the contentions of IBM, the aforesaid testimony constitutes additional, direct, as opposed to circumstantial, evidence that Henner was acting within the scope of the employment. This additional evidence creates genuine issues of material fact and provides the required "other facts" from which a jury could legitimately infer that Henner was acting within the scope of his employment. Accordingly, the matter should be resolved by the trior of fact.

*Bozardt*, supra, 156 Ga. App. at 796-797. In other words, the testimony that Henner was acting on behalf of IBM for the entire pendency of the out-of-town convention was direct evidence that he was within the scope of his employment. This is especially true in light of *Bozardt*'s own recognition that it was unlike *Allen Kane's Major Dodge*. *Bozardt* explains:

Furthermore, the case at bar presents an issue which is not directly addressed or decided in [*Allen Kane's Major Dodge*], to wit: Whether or not for the purposes of imposing liability on the employer under the doctrine of respondeat superior an

support to the contrary. In an attempt to show how its burden-shifting paradigm could be applied to prior cases, *Allen Kane's Major Dodge*, supra, 243 Ga. at 783, explains:

> The real fly in the ointment in this area of the law is the case of *Pest Masters, Inc. v. Callaway*, 133 Ga. App. 123 (210 SE2d 243) (1974). Although that case was correctly decided based on the interpretation given it in *Massey v. Henderson*, [138 Ga. App. 565 (226 SE2d 750) (1976)], certain language in *Pest Masters* is a great departure from previous case law and must be overruled. *Pest Masters* is incorrect to the extent it holds that "the facts arising from the presumption, although rebutted by uncontradicted evidence, must be determined by a jury." *Pest Masters*, supra, 133 Ga. App. at 125. It is incorrect to the extent that it implies that the fact that the automobile was furnished to the employee as a part of the consideration for the employment is a sufficient fact to get the case to a jury. However, a sufficient fact to get the case to a jury, as pointed out by the Court of Appeals in *Massey v. Henderson*, supra, was that the employee was "subject to call at any time." This was direct evidence indicating that the employee was, in fact, in the scope of his employment at the time he had an accident with his employer's automobile.

There are several problems with this statement that, if followed, would perpetuate error in the law. A close review of *Pest Masters* indicates that it was misconstrued in dicta in *Massey v. Henderson*, and this misconstruction was carried forward in dicta contained in *Allen Kane's Major Dodge*.

*Pest Masters* reviewed the denial of an employer's motion for

---

employee *away from his home at the express directions of his employer, while lodging in public accommodations, going to or returning from a meal*, is performing an act in the scope of his employment or necessarily incident thereto.
(Emphasis supplied.) *Bozardt*, supra, 156 Ga. App. at 797. Thereafter, looking to analogous workers' compensation cases, *Bozardt* opined:
> We are unwilling to say that an employee who is required to be away from home about the business of his employer will not be allowed compensation for an injury which occurs by reason of the fact that he has to eat or sleep during that time. Proper food and proper rest are necessary and incidental to the performance of the labor required.
(Citation and punctuation omitted.) Id. at 799.

Therefore, *Bozardt*, a case concerning an employee who is required to be away from home for business, is factually and legally distinguishable from this case, and the dissent is wrong to truncate its facts and holding into an incomplete and misleading parenthetical that implies otherwise.

summary judgment. In that case, a collision occurred between an employee and another vehicle while the employee was driving to work in a car provided to him by his employer specifically for the purpose of going to and from work. *Pest Masters* discussed the fact that the employee in that case was "on call" only in the following context:

> The evidence shows that as a part of the consideration of his employment, defendant Black was furnished an automobile to be used to and from work. It also shows that he was subject to call at any time, and he had full authority to drive this automobile any way that he wished. *This evidence raised a presumption that the defendant-employee was operating the defendant-employer's automobile within the scope of his employment at the time of the collision.*

(Emphasis supplied.) *Pest Masters*, supra, 133 Ga. App. at 123 (1). Therefore, *Pest Masters* considered the fact that the employee was subject to call as part of the evidence which raised an *initial rebuttable presumption* that the employee was acting in the scope of his employment.[2]

The employer in *Pest Masters* never provided any direct evidence to rebut this initial presumption. Instead, the employer simply argued that travel to and from work was generally considered a personal mission as a matter of law. The *Pest Masters* court, however, rejected this legal argument, holding:

> [T]he evidence here shows that the master furnished the automobile to the servant for the purpose of going to and returning from work, which was a part of the consideration of the employment. This completely differentiates this case from those cited by defendants. For here the employer and employee both agreed that the employee would be paid so much in money, and would also be furnished the master's car to use in going to work and returning from work. The master thus recognized that it was beneficial to the master to have the servant drive the car to and from work. . . . Thus, it is shown that the employment, under such circumstances, is in existence and is a benefit to the employer all of the time the employee is riding to and from work in the master's car.

Id. at 124 (4). At this point, the *Pest Masters* case should have

---

[2] The dissent wrongly attributes this finding to this majority opinion rather than to *Pest Masters*.

stopped, as the presumption that the employee was acting in the scope of his employment had been raised and the presumption had never been rebutted. Under these circumstances, as *Pest Masters* found, the employer was not entitled to summary judgment. Instead, as discussed in the quote from *Allen Kane's Major Dodge*, infra, *Pest Masters* went further to incorrectly state that, even if the employer had rebutted the initial presumption, the case would still have to go to the jury. Id. at 125 (5) ("the facts arising from the presumption, although rebutted by uncontradicted evidence, must be determined by a jury").[3]

*Pest Masters* was later misconstrued in *Massey v. Henderson*, supra. In surveying prior cases, *Massey v. Henderson* states: "The correct rule is that if there is other evidence from which the jury might legitimately infer that the employee was acting within the scope of employment, then the issue should go to the jury. . . . In *Pest Masters*, the other evidence was that the employer 'was subject to call at any time.' " This mischaracterizes *Pest Masters*, however, because the initial presumption in *Pest Masters* was never rebutted and "other evidence" never came into play in that case. To the

---

[3] The full quote is as follows:

This court has gone a step further in respect to motions for summary judgment. When the collision is shown to have occurred while the employee is driving the master's car, the presumption arises that the servant is in the scope of his employment. But the defendant may introduce uncontradicted evidence to rebut such presumption. What is the posture of the motion for summary judgment then? In *Ayers v. Barney A. Smith Motors*, 112 Ga. App. 581, 582 [(145 SE2d 753) (1965)], this court holds: ". . . 'Where there are circumstances developed by the evidence other than those which gave rise to the presumption from which the jury might legitimately infer that the servant was acting within the scope of his employment the presumption is not overcome as a matter of law even though the master and servant positively testify that what he was doing was without the scope of his employment. The issue is generally one for the jury.' *F. E. Fortenberry & Sons, Inc. v. Malmberg*, 97 Ga. App. 162, 166 (102 SE2d 667) [(1958)]." To the same effect is the holding in *Fortenberry & Sons v. Malmberg*, 97 Ga. App. 162 (2), supra, which holds: "Where an employee, who is employed for the special purpose of operating a truck for his master, is found driving the truck in the usual manner, a presumption arises that he is acting within the scope of his authority. The burden may be overcome by positive and uncontradicted proof that the employee, at the time under investigation, was not acting under authority conferred upon him by his master, or within the scope of his employment. Where evidence other than that which gives rise to the presumption, and from which it may be inferred the servant was engaged in the duties of his employment is adduced, the issue is for the jury."

Thus, in summary judgment cases, because of the great burden that is placed on the movant, as is clearly shown in *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442) [(1962)], and *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408) [(1962)], the facts arising from the presumption, although rebutted by uncontradicted evidence, must be determined by a jury. As is held in *McCarty*, supra: "Where more than one inference can be drawn from the evidence, the duty of solving the mystery should be placed upon the jury and not (on) the trial judge" and ". . . the party opposing the motion must be given the benefit of all reasonable doubts on . . . motion for summary judgment."

contrary, the fact that the employee was subject to call was considered only as a fact giving rise to the initial presumption, not as an "other fact" sufficient to survive a motion for summary judgment after the initial presumption had already been rebutted.

Next, *Allen Kane's Major Dodge* perpetuated *Massey v. Henderson*'s mischaracterization of *Pest Masters*, stating "that case was correctly decided based on the interpretation given it in *Massey v. Henderson*, [supra]." *Allen Kane's Major Dodge*, supra, 243 Ga. at 783. Then, after recognizing that *Pest Masters* was a "real fly in the ointment in this area of the law," id., *Allen Kane's Major Dodge* compounded *Pest Master*'s and *Massey v. Henderson*'s errors by stating:

> However, a sufficient fact to get the case to a jury, as pointed out by the Court of Appeals in *Massey v. Henderson*, supra, was that the employee was "subject to call at any time." This was *direct evidence* indicating that the employee was, in fact, in the scope of his employment at the time he had an accident with his employer's automobile.

*Allen Kane's Major Dodge*, supra, 243 Ga. at 783. At this point, the fact that the employee was subject to call at any time is not only mischaracterized as evidence considered in *Pest Masters* after the initial presumption was rebutted, it is also improperly labeled for the first time as direct evidence that the employee was acting in the scope of employment. The first error is factually incorrect, and the second is legally incorrect.

The dissent drags this chain of errors forward and adds a new link. In support of its holding, the dissent distorts *Allen Kane's Major Dodge* in a misleading way to make it appear that *Allen Kane's Major Dodge*, itself, is a case in which the "other fact" was that the employee was subject to call at any time. *Allen Kane's Major Dodge* refers to this "other fact," however, only in its review of *Pest Masters* and *Massey v. Henderson*.

The actual facts and holding of *Allen Kane's Major Dodge* undercut the dissent's tenuous position. In *Allen Kane's Major Dodge*, the employer rebutted the initial presumption that the employee was acting in the scope of employment at the time of a collision with direct testimony that the employee was on a personal mission. In an attempt to survive the employer's motion for summary judgment, the plaintiff offered evidence that the employee had "unrestricted authority to solicit prospective purchasers." In finding that summary judgment was properly granted to the employer, this

Court found that:

> [I]f the mere "unrestricted authority to solicit prospective purchasers" is a sufficient "some other fact" then this kind of case will usually have to go to a jury since that fact is usually going to be present. Some may think that that is an appropriate result but we must ask ourselves, if that is all the evidence on the plaintiff's side, would that be sufficient evidence to support a jury verdict in favor of the plaintiff? As was stated in *Ga. R. & Electric Co. v. Harris*, 1 Ga. App. 714, 717 (57 SE 1076) (1907): "However willing we are to commit to the jury the solution of every question of fact, yet in the very nature of things, when the determination of the issue rests not on direct proof, but on circumstances, there exists a point where the inferences to be drawn can not, as a matter of law, be sufficient to support a verdict."

*Allen Kane's Major Dodge*, supra, 243 Ga. at 779. In the case now before us, the inferences to be drawn from the fact that Jessica was on call at the time of the accident cannot, as a matter of law, support a verdict against the Company in the face of direct testimony that Jessica was on the purely personal mission of driving home after a school exam and that she had not performed any work for the Company in a month. Therefore, the grant of summary judgment to the Company was proper.

In a similar manner, *Thurmon v. Sellers*, supra, on which the dissent heavily relies, actually supports this opinion and admonishes against the outcome espoused by the dissent. In fact, the holding of *Thurmon*, which the dissent altogether ignores is as follows:

> The law in Tennessee is clear that "when a servant deviates from his line of duty and engages in a mission of his own or for some third person, the master cannot be held [liable] under the rule of respondeat superior." *Craig v. Gentry*, 792 SW2d 77, 79 (Tenn. Ct. App. 1990). We now extend this line of reasoning to situations involving "on call" employees.

Id. at 155. The law in Georgia is equally clear.

> If the servant steps aside or departs from his master's business, for however short a time, to perform an act entirely disconnected from his master's business and injury results from the servant's independent voluntary act, then the servant is liable for his own tortious conduct; however, the wrong is not imputable to his master, because the

servant's act was outside the scope of the master's business and not done in the prosecution of the master's business by the servant.

*Georgia Law of Torts* § 7-2 (2009-2010 ed.). Therefore, as in *Thurmon*, this line of reasoning should be extended to "on call" employees in Georgia.

The policy reasons demanding this result are also made clear in *Thurmon*.

Public policy would be ill-served by a rule establishing 24-hour employer liability for on-call employees, regardless of the nature of the employee's activities at the time of an accident. Respondeat superior is imposed for three policy reasons: (1) to prevent recurrence of the tortious conduct; (2) to give greater assurance of compensation for the victim; and (3) to ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury. None of these goals would be legitimately accomplished by a rule establishing automatic 24-hour employer liability for 24-hour on-call employees. First, employer liability would not prevent a recurrence of the tortious conduct because an employer has no right to control the purely personal conduct of an employee. Second, although the deep pocket of an employer might give greater assurance of compensation for the victim, that desired economic end would be achieved inequitably because the victim's losses would not be borne by the person who benefitted from the injury-producing activity. Modern technology has changed the means by which we communicate. Beepers, pagers, facsimile machines and cellular phones keep us literally at a fingertip's distance from one another. But on-call accessibility or availability of an employee does not transform his or her private activity into company business. The first question must always focus on scope of employment. Where the injury-producing activity is beyond that scope, no totality of other circumstances will result in respondeat superior liability.

(Punctuation omitted.) Id. at 154.[4]

---

[4] In its opinion, the dissent purports that a list of factors it pulls from *Thurmon* as guidance for determining whether an "on call" employee is acting within the scope of employment will alleviate these policy concerns. In *Thurmon*, however, this list was provided

> Based upon the foregoing, it is the opinion of this court that, as a matter of law, [the Company] is not vicariously liable for the act of [Jessica] because the injury-producing activity was beyond the scope of [Jessica's] employment. To hold otherwise would extend the doctrine of respondeat superior to unimaginable and inequitable lengths.

Id. at 156.

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., Carley, P. J., and Benham, J., who dissent.*

CARLEY, Presiding Justice, dissenting.

Although the majority purports to apply *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979), it actually departs from that precedent. Indeed, the majority erroneously manipulates the analytical framework laid out therein by giving no weight to testimony which, as *Allen Kane's* itself specifically recognizes, must be considered during the final step of the analysis, constitutes direct evidence that the employee was acting within the scope of employment, and is therefore sufficient to require that the case go to a jury. I respectfully dissent because, in my opinion, this Court should wholly reaffirm the burden-shifting paradigm of *Allen Kane's* and thereby conclude that the evidence of Mark Heard Fuel Company's employment of Jessica Heard, its ownership of the vehicle, and the additional testimony of her "on call" status at the time of the collision was sufficient to withstand the motion for summary judgment filed by the Company.

> The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.] "Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the

---

directly following the holding that a master cannot be held liable for the acts of an "on call" employee who is engaging in a personal mission at the time of an accident. *Thurmon* provides this list because mere "on call" status is not direct evidence of scope of employment. In fact, *Thurmon* states: "This list is not meant to be exclusive but is rather provided for guidance in future cases. It should be remembered, however, that the primary focus must be on whether the use of the vehicle at the time of the collision was within the scope and course of employment." *Thurmon*, 62 SW3d at 155. Therefore, the dissent's use of the *Thurmon* factors is disingenuous and wholly out of context.

employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise." [Cits.]

*Allen Kane's Major Dodge v. Barnes*, supra at 777. The Court of Appeals correctly held that the Company met this burden through Ms. Heard's deposition testimony, as well as Samuel Heard's testimony that she "was not performing any work for the Company on the day of the [collision] and . . . that she had not worked for the Company at all that month because of her school schedule." *Hicks v. Heard*, 297 Ga. App. 689, 691 (1) (678 SE2d 145) (2009).

> When the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this "other fact" is *direct* evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment. (Emphasis in original.)

*Allen Kane's Major Dodge v. Barnes*, supra at 780. The "other fact" upon which Ms. Hicks relies is found in sworn testimony by Ms. Heard herself that she was "on call" at the time of the collision and that she used the vehicle on "[a]n on-call as needed basis if [she] needed to go get office supplies, pick up equipment or something."

In cases from other jurisdictions dealing with vicarious liability for an "on call" employee,

> the underlying principle is that the mere fact that an employee is "on call" does not automatically give rise to employer liability. [Cits.] Rather, an employee's "on call" status gives rise to a question of fact as to whether the employee was acting within the scope of his employment at the time of the accident. [Cits.]

*Thurmon v. Sellers*, 62 SW3d 145, 153-154 (Tenn. App. 2001). See also 1 Modern Tort Law: Liability and Litigation § 7:7 (2d ed.). Moreover, when the initial presumption in this case has been overcome, the facts which gave rise to that presumption remain, and any "other fact" shown by Ms. Hicks is to be considered "in addition

to" the facts that the Company employed Ms. Heard and owned the vehicle at issue. *Allen Kane's Major Dodge v. Barnes*, supra. In conjunction with those initial facts, Ms. Heard's on-call status was "a sufficient fact to get the case to a jury," as it constituted "direct evidence indicating that the employee was, in fact, in the scope of [her] employment at the time [she] had an accident with [her] employer's [vehicle]." *Allen Kane's Major Dodge v. Barnes*, supra at 783 (where the other fact to which this quote referred "was that the employee was 'subject to call at any time' "). See also *Clements v. Long*, 167 Ga. App. 11, 15 (2) (305 SE2d 830) (1983) (physical precedent).

Contrary to the majority, an employee's on-call status cannot logically be considered part of the evidence raising the initial rebuttable presumption that she was acting in the scope of her employment, because the only evidence necessary to raise that presumption is that the vehicle " 'is owned by a person, and that the operator of the vehicle is in the employment of that person.' " *Allen Kane's Major Dodge v. Barnes*, supra at 777. Indeed, *Allen Kane's* approved of the analysis in *Massey v. Henderson*, 138 Ga. App. 565, 566 (1) (226 SE2d 750) (1976) of *Pest Masters v. Callaway*, 133 Ga. App. 123 (210 SE2d 243) (1974) for this very reason. Although *Pest Masters* incorrectly held that the initial presumption alone was sufficient to preclude summary judgment in favor of the employer, it also mistakenly included the employee's on-call status as part of the evidence raising that presumption. *Massey* correctly recognized that such status was instead some "other evidence" which was still available to rebut the employer's evidence that the employee was not acting within the scope of employment. On this basis, *Pest Masters*, despite its erroneous analysis, "was correctly decided." *Allen Kane's Major Dodge v. Barnes*, supra at 783. Likewise, testimony regarding Ms. Heard's on-call status constitutes some "other evidence" that she was acting in the scope of her employment. Furthermore, *Allen Kane's* was correct in observing that such testimony is direct evidence, as it "immediately points to the question at issue." OCGA § 24-1-1 (3). See also *International Business Machines v. Bozardt*, 156 Ga. App. 794, 796-797 (275 SE2d 376) (1980) (" 'direct, as opposed to circumstantial, evidence' consisted of testimony that, at the time employee allegedly caused a collision, he was in town for a series of conferences for his employer's benefit, although the meetings had ended for the day and he was going out to dinner").

Accordingly, to the extent that Court of Appeals' opinions have held that an employee's on-call status, in conjunction with her employer's ownership of the vehicle, is not sufficient "to get the case to the jury," they should be overruled. Those opinions include the following: *Hankerson v. Hammett*, 285 Ga. App. 610, 612-613 (1) (647

SE2d 319) (2007); *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135, 137 (1) (596 SE2d 679) (2004); *Healthdyne v. Odom*, 173 Ga. App. 184, 185 (1) (325 SE2d 847) (1984); *Evans v. Dixie Fasteners*, 162 Ga. App. 74, 75 (1) (290 SE2d 172) (1982).

Although an employee's on-call status is direct evidence that she was acting in the scope of her employment while driving her employer's vehicle, it is not conclusive evidence. The majority contends that *Thurmon v. Sellers*, supra, "actually . . . admonishes against the outcome espoused by the dissent." (Majority Opinion, p. 874) That would be true only if this dissent was arguing that an employee's on-call status demands application of respondeat superior as a matter of law. Instead, I recognize that "[p]ublic policy would be ill-served by a rule establishing 24-hour employer liability for on-call employees, regardless of the nature of the employee's activities at the time of [a collision]." *Le Elder v. Rice*, 26 Cal. Rptr. 2d 749, 753 (IV) (Cal. App. 1994). See also *Thurmon v. Sellers*, supra at 154. Likewise, I acknowledge the concerns of the Court of Appeals that the doctrine of respondeat superior requires that, at the time of the collision, the employee was serving the employer, acting in furtherance of his business, and not engaging in a purely personal mission. *Hankerson v. Hammett*, supra at 612 (1), n. 2; *Healthdyne v. Odom*, supra.

In light of these concerns, and after reviewing the relevant case law from other jurisdictions, I believe that this Court should adopt the following non-exhaustive list of factors, as set forth by the Court of Appeals of Tennessee, to provide guidance in determining whether an on-call employee was acting within the scope of her employment while driving her employer's vehicle at the time of a collision:

> 1. Whether, at the time of the accident, the employee's use of the vehicle benefitted the employer; 2. Whether the employee was subject to the employer's control at the time of the accident; 3. Whether the employee's . . . activities were restricted while on call; 4. Whether the use of the vehicle at the time of the accident was authorized by the employer; and 5. What the employee's primary reason for using the vehicle was at the time of the injury-producing accident.

*Thurmon v. Sellers*, supra at 155. See also *Medina v. Fuller*, 971 P2d 851, 855 (C) (2), (3) (N.M. App. 1998); *Le Elder v. Rice*, supra.

Summary judgment may be authorized in some cases like the one currently before us if evidence regarding such factors has been fully presented and carefully considered. However, the Company failed to point out, and both the trial court and the Court of Appeals

failed to consider, any such evidence. Instead, the Company argued, and now three courts have essentially ruled, that evidence on summary judgment of an employee's on-call status while using her employer's vehicle *never* constitutes sufficient rebuttal of evidence which has overcome the initial presumption that the employee was acting within the scope of her employment. Because this ruling was erroneous, the Court of Appeals' judgment affirming the trial court's order granting summary judgment should be reversed.

I am authorized to state that Chief Justice Hunstein and Justice Benham join in this dissent.

DECIDED MARCH 29, 2010.

*Steven K. Leibel*, for appellant.
*Andersen, Tate & Carr, Render C. Freeman, Michael J. Blakely, Jr., Schur, McDuffie & Morgan, Jeffrey P. Yashinsky*, for appellees.